IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHRISTINA PASCUAL, on her own behalf and on behalf of a CLASS OF SIMILARLY SITUATED EMPLOYEES OF DEFENDANT,<br><br>Plaintiffs,<br><br>v.<br><br>ZIRX CONSUMER SERVICES, INC., a California corporation,<br><br>Defendant. | **CLASS ACTION**<br><br>No. 2:15-cv-01923-JCC<br><br>**JUDGMENT AND FINAL APPROVAL ORDER** |

In connection with granting preliminary approval to a class-wide Settlement reached in the within action, the Court scheduled a fairness hearing for August 22, 2017. The Court directed Plaintiff to file a motion for final approval by July 7, 2017. The Court also directed Plaintiff to file a motion for approval of any fee and expense award, as well as any incentive payment to Plaintiff, by July 7, 2017, to be heard at the same time as the motion for final approval.

Plaintiff timely filed a "Motion for Final Approval of Class-Action Settlement and for Approval of Attorney's Fees, Costs, and Incentive Award," ("Motion for Approval") which came on for hearing in the courtroom of the above-captioned Court, Suite 16206, of the United States District Court, Western District of Washington, on August 22, 2017. Having read all of the papers filed in connection therewith, and having considered all of the evidence and argument

JUDGMENT AND FINAL APPROVAL
ORDER - 1
BN 28353041v2

submitted with respect to the proposed Settlement, the Court finds that the proposed Settlement is fair, reasonable, and adequate. **IT THEREFORE IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

1. The Court has jurisdiction over the subject matter of the Lawsuit, all claims raised therein, the Parties, and the Class.

2. The Motion for Final Approval is granted. For the purpose of the Settlement only, the Court finds that certification of the Class is appropriate because the Class is ascertainable and sufficiently numerous, a well-defined community of interest exists, and there are substantial benefits from certification that render proceeding on a class-wide basis superior to any alternatives. Furthermore, as set forth below, the Court finds that the terms of the Stipulation of Settlement are fair and reasonable to the Class when balanced against the probable outcome of further litigation relating to class certification, liability and damage issues, and potential appeals. In addition, the Court finds that Class Counsel is experienced in wage-and-hour class-action litigation; significant investigation was undertaken, and significant information was exchanged, enabling Plaintiff and Defendant to reasonably evaluate one another's positions; approving the Settlement will avoid the substantial costs, delay, and risks that would be presented by further litigation; and the terms of the Settlement were the result of intensive, serious, and non-collusive negotiations between Plaintiff and Defendant. Upon the Effective Date, all Participating Class Members therefore shall have released the Released Parties from the class released claims.

3. The Settlement Class consists of all persons who entered into independent contractor agreements with Zirx Consumers Services, worked as a Parking Agent more than 40 hours in any work week ("Overtime") during the period June 1, 2015 through October 31, 2015. The Court finds that no Class Members submitted objections to the Settlement Agreement. These findings support final approval of the Settlement.

4. Under the terms of the Settlement, Defendant has agreed to pay each Participating Class Member who finely submits a Claim Form one-half of each Participating Class Member's

hourly rate for each hour of Overtime worked during the Class Period.  In addition, Defendant has agreed to separately pay Class counsel's fees and costs not to exceed $45,000 and an incentive payment to Plaintiff not to exceed $1,000, both of which are subject to approval by the Court.  Defendant has further agreed to separately pay the costs of administrating this Class Settlement incurred by Settlement Services Inc.

    5.    The Court finds that the Settlement Administrator delivered Notice Packets to the Class following the procedures set forth in the Settlement; that the Notice Packets and the procedures followed by the Settlement Administrator constituted the best notice practicable under the circumstances; and that the Notice Packets and the notification procedures contemplated by the Stipulation of Settlement were in full compliance with the laws of the United States and State of Washington and (to the extent applicable), and the requirements of due process.  Further, the Court finds that 97 Settlement Class Members timely submitted Claim Forms.  These findings support final approval of the Settlement.

    6.    Under the Stipulation of Settlement, Plaintiff is permitted to seek up to $1,000.00 from the Maximum Settlement Amount for an incentive-award Service Payment.  Plaintiff has requested that amount.  The Court finds that this amount is fair and reasonable in light of the work that she provided in the Lawsuit; the results that were obtained under the Stipulation of Settlement; and the risks that she incurred in prosecuting the Lawsuit.  The Court further finds that this amount is fair and reasonable because Plaintiff herself has agreed to a general release that extends beyond the Class Released Claims applicable to Participating Class Members, and because this amount comports with incentive awards made in other wage-and-hour class-action settlements.  Accordingly, the Court approves that amount as an incentive payment, and, upon the Effective Date, Plaintiff therefore shall be subject to the general release set forth in the Settlement.

    7.    Under the Stipulation of Settlement, Class Counsel is permitted to seek up to a total of $45,000 in attorney's fees and costs.  Class Counsel has requested $44,201.24 in

JUDGMENT AND FINAL APPROVAL
ORDER - 3

BN 28353041v2

attorney's fees and $798.76 in actual costs and expenses. The Court finds that these amounts are reasonable. Accordingly, the Court approves those amounts.

8. Under the Stipulation of Settlement, the Settlement Administrator is to be paid its reasonably incurred fees and expenses from the Maximum Settlement Amount for the Administration Costs of the Settlement. The Settlement Administrator has requested $10,275 for its fees and expenses. The Court finds that this amount is reasonable. Accordingly, the Court approves that amount as the Administration Costs of the Settlement.

9. Except as otherwise provided herein, the Parties shall bear their own costs and attorney's fees.

10. Upon the Effective Date, each Participating Class Member shall have released the Released Parties from the class released claims. Accordingly, the Court hereby permanently enjoins any Participating Class Members from filing or prosecuting any claims, suits, or administrative proceedings for any of the class released claims against any of the Released Parties.

11. Without affecting the finality of this Final Approval Order and Judgment, the Court retains jurisdiction over the Lawsuit, the Parties, and the Participating Class Members for purposes of supervising, implementing, enforcing, construing, administering, and interpreting the Stipulation of Settlement, as well as any matters related or ancillary to the foregoing.

**IT IS SO ORDERED, ADJUDGED, AND DECREED.**

Dated: August 22, 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE
FOR JOHN C. COUGHENOUR
SENIOR UNITED STATES DISTRICT JUDGE

JUDGMENT AND FINAL APPROVAL
ORDER - 4

BN 28353041v2

attorney's fees and $798.76 in actual costs and expenses. The Court finds that these amounts are reasonable. Accordingly, the Court approves those amounts.

8. Under the Stipulation of Settlement, the Settlement Administrator is to be paid its reasonably incurred fees and expenses from the Maximum Settlement Amount for the Administration Costs of the Settlement. The Settlement Administrator has requested $10,275 for its fees and expenses. The Court finds that this amount is reasonable. Accordingly, the Court approves that amount as the Administration Costs of the Settlement.

9. Except as otherwise provided herein, the Parties shall bear their own costs and attorney's fees.

10. Upon the Effective Date, each Participating Class Member shall have released the Released Parties from the class released claims. Accordingly, the Court hereby permanently enjoins any Participating Class Members from filing or prosecuting any claims, suits, or administrative proceedings for any of the class released claims against any of the Released Parties.

11. Without affecting the finality of this Final Approval Order and Judgment, the Court retains jurisdiction over the Lawsuit, the Parties, and the Participating Class Members for purposes of supervising, implementing, enforcing, construing, administering, and interpreting the Stipulation of Settlement, as well as any matters related or ancillary to the foregoing.

**IT IS SO ORDERED, ADJUDGED, AND DECREED.**

Dated: August 22, 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE
FOR JOHN C. COUGHENOUR
SENIOR UNITED STATES DISTRICT JUDGE